### Nelson W. Clark vs. Elam W. Crane.

A certificate of assessors to the township assessment-roll, which states that they have estimated the real estate " at a sum which, *for the purposes of assessing,* we believe to be the true value thereof," instead of " at what we believe to be the true cash value thereof," as required by law, is fatally defective; and title to lands can not be made under a sale for taxes levied on the basis of such assessment-roll.

Statutes for the assessment and collection of taxes, as to what they require to be done for the protection of the tax-payer, are mandatory, and can not be regarded as directory merely.

*Heard May 25th. Decided June 3d.*

Case made after judgment from Genesee Circuit.

Ejectment for land in Fenton township.

On the trial in the Court below, the plaintiff having made a prima facie showing of title in himself, under the original patentee, defendant introduced in evidence a deed of the lands from the Auditor General, for delinquent taxes for the year 1849, to parties under whom defendant claimed. To show the invalidity of this tax-deed, plaintiff introduced, among other things, the assessors' certificate to the assessment-roll for the year for which the taxes were levied; which is in the following form:

"We do hereby certify, that we have set down in the prefixed assessment-roll all the real estate in the township of Fenton liable to be taxed, according to our best information; and that we have estimated it at a sum which, for the purposes of assessing, we believe to be the true value thereof; and also that said assessment-roll contains a like true statement of the aggregate of taxable personal property or estate of each and every person named in said roll; and that, except in such cases where the value of such personal estate

has been sworn to by the owner or possessor, we have esti-
mated the same at its just value, according to the best of our
information and belief. Given under our hands, at Fenton,
May—, 1849." Signed by the assessors.

The certificate of the chairman and the clerk of the board
of supervisors was attached to the roll, showing its equali-
zation and correction by the board, and the determination of
the aggregate valuation of the township.

The Circuit Court held the certificate of the assessors fatal-
ly defective; and exception having been taken, a case was
made, after judgment for plaintiff, for review in this Court.

*M. Wisner*, for plaintiff.

*W. M. Fenton*, for defendant:

The assessors' certificate is substantially in the form re-
quired by statute, with the addition of the words "at a sum
which, for the purposes of assessing." These words may be
rejected as surplusage. — *VanRensselaer vs. Witbeck*, 7 *Barb.*
133; *Sibley vs. Smith*, 2 *Mich.* 486; *Lacy vs. Davis*, 4 *Ibid.*
140; *Tweed vs. Metcalf*, *Ibid.* 579.

The absence of the certificate would not vitiate the roll.
The requirement in that respect is directory. The certificate
forms no part of the action of the assessors. It follows as a
distinct act after the roll is made. It contains the history
of a past transaction. — *Cases above cited.*

The statute does not require this roll to be signed, nor
to be under the hands of the assessors. The board of super-
visors would not have been justified in omitting to equalize
and correct the valuations on this roll, for the alleged defect
in the certificate.

The certificate of this board of review is also attached to
the assessment-roll, thus forming a complete "corrected as-
sessment-roll," to be kept on file in the supervisor's office;
to a copy of which, with amount of tax carried out, is an-
nexed the warrant for collection of taxes.

CLARK *vs.* CRANE.

MANNING J.:

The twenty-first section of chapter 20—"Of the Assessment and Collection of Taxes" (*R. S.* 1846, *p.* 105)—is in these words: "SEC. 21. When the assessors shall have reviewed and completed the assessment-roll, they shall attach a certificate thereto, signed by them, in the following form: We do hereby certify, that we have set down in the above assessment-roll, all the real estate in the township of——, liable to be taxed, according to our best information; and that we have estimated the same at what we believe to be the true cash value thereof; that the said assessment-roll contains a true statement of the aggregate valuation of the taxable personal estate of each and every person named in said roll; and that, except in those cases where the value of such personal estate has been sworn to by the owner, his agent or attorney, we have estimated the same at its true cash value, according to our best information and belief."

Some parts of the tax law are directory; while others are mandatory, and must be substantially complied with to give validity to a tax. The law requires all property to be assessed "at its true cash value."—*R. S.* 1846, *p.* 104, §13. The object of this, doubtless, is to insure equality of taxation. There can not be equality of taxation without equality of assessment; and there can be no equality of assessment where all property is not assessed by the same standard; and that standard the law has wisely fixed in the present case, and not left to the discretion of the assessors. The object of the certificate appears to be twofold,—to authenticate the assessment-roll, and to secure this equality in taxation; and with a view to this last object, the assessors are required to state, in their certificate, that they have assessed the property mentioned in the assessment-roll at what they believe to be the true cash value thereof. If this be the object, and we can see no other, the tax-payer alone is interested in this part of the law. It is for his protection. He, and not the public, the other

party interested in the tax, is the loser, if his property is assessed at more than it should be. The public neither gain nor lose by this inequality, however great, in the assessment. It is different with the tax-payer. He pays more or less tax than he should pay, when his property is assessed at a sum above or below its cash value. He has a right to know, not only that his own property has not been assessed at more than its cash value, but that the property of no other tax-payer has been assessed at less than its cash value; for, in either case, his tax be would increased, and he be made to pay more than he should. The certificate furnishes him with this knowledge; and it is for his protection the certificate is required to state the property mentioned in the assessment-roll has been estimated at its true cash value; and what the law requires to be done for the protection of the tax-payer is mandatory, and can not be regarded as directory merely.

The certificate does not comply with the law. It is worse than no certificate; for, in that case, it might be presumed the assessors had done their duty, or at least had intended to do it. But it appears from the certificate, they put the law at defiance, by taking upon themselves to value the property at such sum, for *the purposes of assessing*, as they believed to be the true value thereof. The language of the certificate is "we have estimated it at a sum which, for *the purposes of assessing*, we believe to be the true value thereof." Whether, for the purposes of assessing, the value of property is double what it would bring at a sale for cash, or the half or a quarter of that sum, we have no means of knowing, nor is there any known rule by which it can be ascertained. The law, and not what might be nothing more than the whim or caprice of the assessors, must govern. —See *VanRensselaer vs. Witbeck*, 3 *Selden*, 517.

*Sibley vs. Smith*, 2 *Mich.* 486, was under the Revised Statutes of 1838, which required the assessors, after they had completed the assessment, to sign it, and also to attach to it a certificate signed by them, similar in some respects to

the one required by the present law. The assessment was not·signed by the assessors, but there was a certificate signed by them, and attached to the assessment. The Court held the assessment void, because it was not signed by the assessors; but gave no opinion in regard to the certificate, except that it could not supply the omission of the assessors to sign the roll itself.

*Lacy vs. Davis*, 4 *Mich.* 140, was under the law of 1842, which, like the present law, did not require the assessment to be signed by the assessors. There·was a certificate signed by them, and attached to it, as the law required. The Court say: "We do not, therefore, regard the want of signature as an objection, the certificate being the only authentication of the roll required by law."

In *Tweed vs. Metcalf*, 4 *Mich.* 579, the question was, Whether the certificate of the assessors must be copied into the tax-roll. It was held to be no part of the assessment-roll, for that purpose.

·We notice these cases, as they were cited on the argument, and insisted on as deciding the case before us; which they do not.

The judgment below must be affirmed.

MARTIN Ch. J. and CHRISTIANCY J. concurred: CAMPBELL J. did not sit in this case, having been of counsel for one of the parties.