JUDGE LINDSAY
delivered the opinion op the court.
The legislature passed “An act to incorporate a police municipality in Jefferson County,” and it was approved by the governor and became a law on the 11th of February, 1873. It provides for the organization of a police force for the protection of the municipality, and authorizes the imposition of taxation upon the persons residing and the real estate situate within its limits.
The third section directs that three commissioners shall be elected by the qualified voters, and the fourth section that they shall be inducted into office by the county judge of Jefferson County. The fifth prescribes the duties of the assessor touching the ascertainment of the number of tithes and of the quantity of real estate subject to taxation, and the sixth and seventh sections provide as follows, viz.:
“ The commissioners shall, within ten days after the receipt *646 of said lists, assess an annual capitation tax of not less than fifty cents nor more than one dollar per head upon all male inhabitants of said municipality over twenty-one years of age; and in the event the commissioners find, after making a reasonable allowance for probable delinquencies, that the capitation tax will be insufficient for the expenses of the municipality, they shall assess an annual ad valorem tax upon the owners of the real estate within said municipality of not more than one half of one per cent upon the one hundred dollars.
“After the commissioners have made the aforesaid assessment' they shall return the aforesaid lists with a report of their assessment to the County Court of Jefferson County, and thereupon it shall be the duty of said county court to make an order requiring the inhabitants of said municipality to pay to the sheriff of said county the taxes so assessed.”
1 The thirteenth section invests said county court with “jurisdiction over all questions and powers arising out of this charter.” ^
On the 8th day of May, 1874, three persons styling themselves commissioners «reported to the county court that they had “assessed the m.ajfe inhabitants of the municipal territory at one dollar pel1 year capitation, and fourteen cents on the hundred dollars on the real estate.” They returned jthe assessor’s lists, and asked the court to make an order requiring the payment of the taxes so assessed.
Various tax-payers' entered their appearance, and were permitted on behalf of all the tax-payers of the municipality to resist the malj^g of the order asked by the commissioners; but in spite of their objections the order was made and entered on the 10th of August, 1874; and to reverse it the tax-payers are prosecuting-4his appeal.
This court 'las jurisdiction of the appeal under the provisions of the? special act relating to the Jefferson County Court; and the action of that court in determining that the *647 report was sufficient, and in making the order directing the collection of the tax, is so far judicial in its nature as to subject it to revision.
So much of the sixth section of the act relating to the municipality as makes it the duty of the commissioners before assessing a tax against the real estate to ascertain “that the capitation tax will be insufficient for the expenses of the municipality” is mandatory. The finding of this fact is of the essence of the thing to be done, and the existence of this fact is required to be ascertained for the protection of those tax-payers whose property is the ultimate subject of taxation. (Clarke v. Crane, 5 Mich. 154.)
If the commissioners did not enter into an investigation of the probable expense to be incurred by the. municipality during the current year, and óf the amount likely to be realized from the capitation tax, and thereby ascertain the deficit to be made up by the taxation of the real estate, then their assessment as to the realty is unauthorized, and should have been treated by the county court as void. The report of the commissioners is silent as to whether any such investigation was made. The evidence adduced in the county court on the trial of the motion for the order directing the payment of the tax does not show, even by inference, that the matters heretofore suggested were inquired into, nor was there any.' evidence before the court tending to show the existence of a state of facts authorizing the taxation of- real estate under the provisions of the act.
In collateral proceedings the presumption may sometimes be indulged that taxation has been legally imposed; but in such a case as this, where the action of the ministerial and judicial officers, whose duty it is to impose it;is called directly in question by the tax-payers, and their authority and jurisdiction denied, such a presumption does not, and from the very nature of things can not, arise. Considering the silence *648 of the commissioners as to this essential prerequisite to their authority to act, and the absence of all extrinsic testimony tending to prove that they had pursued strictly the extraordinary powers with which they are invested, nothing should have been presumed in favor of the regularity of their proceedings, and the court ought under the circumstances to have overruled the motion for the order directing the payment of the tax assessed by them.
It may seem upon a cursory examination of the provisions of the act that the county court has no discretion' in this matter, and is compelled, when the commissioners report their assessment and return therewith the assessor’s list of tax-payers and taxable property, to make an order requiring the payment of the taxes as assessed. This conclusion is inconsistent with the thirteenth section, which, as before stated, confers upon that court the jurisdiction to hear and determine all questions and powers arising out of the act. The assessment made by the commissioners was the exercise of a power claimed to exist by-virtue of the act, and the existence or non-existence of the power and the inquiry as to whether it has been properly exercised are questions which the county court has undoubted right to pass upon.
We expressly waive an expression of opinion as to the constitutionality of the provisions of the act relating to the taxation of real estate and as to the validity of the election at which it is claimed the commissioners were elected. They are merely formal parties to the proceeding, and it is not necessary, even if it be proper, to inquire into their right to the offices they assume to hold. The matter directly in issue can be settled without a determination of either of those questions, and we therefore decline to investigate them.
The order appealed from is reversed, and the cause remanded with instructions to overrule the motion, and require the commissioners, if they proceed further, to commence de novo.