Hull, J.
This case comes to this court on appeal from the judgment of the court of common pleas. The plaintiffs were the owners of certain property, situate on .the corner of Fulton and Machen streets in the city of Toledo; and on the 26th day of August, 1895, the council of the city of Toledo, under section 2239 of the Revised Statutes, passed a resolution providing for and ordering the construction of a stone or artificial stone sidewalk along Machen street abutting upon this property. The proper steps in the way of notice were taken under this statute. The owners did *312 not build the sidewalk, and the city afterwards made a contract with' the defendant, Henry J. Bower, to build the same, and he built it, and an assessment was levied upon this lot for the expense of constructing said sidewalk and the necessary advertising, amounting to $107.10. The plaintiffs seek to enjoin the collection of this assessment, ask an injunction against the city and the county treasurer, and that the county auditor and the city clerk be required to abate the same, on the ground that the assessment was illegal and the action of the city council was illegal and void.
After the case was appealed to this court, an amendment to the petition was filed, which is brief, and in the following words:
“For amendment to plaintiffs’ petition they say that the resolution passed by the common council of the city of Toledo for the laying of said stone sidewalk in front of Lot 22 Machen’s Second Addition to said city was for an improvement of a general and permanent nature; and that said resolution was not fully and distinctly read on three different days by said common council, and that three-fourths of the members elected to the common council did not dispense with the reading of said resolution on three different days.
“Plaintiffs say that said resolution was read but once in said common council. That the’ legislation so passed by the said common council providing for the building of said sidewalk and the levying of the assessment therefor was null and void, and that said assessment is illegal and not binding upon the plaintiffs or upon said property.”
There are various objections made to this assessment and to the action of the council, in the original petition. We have not found it necessary, however, to consider any objection excepting the one set forth in the amendment which I have read. The case was tried on an agreed statement of facts, and it was agreed that the resolution providing for the construction of said sidewalk and the levying of the assessment on account of the same, was read but once by the common council, and that three-fourths of the members of said council did not dispense with the reading of said resolution.
*313 It is urged in behalf of the plaintiffs that the action of the council under this statement of facts was null and void, and that therefore this assessment should be enjoined.
At the January Term, 1899, of the circuit court of Hamilton county, it was held by that court that under the statutes of this state, such a resolution must be passed according to section 1694 of the Revised Statutes, and that unless it is so passed, it is null and void — 17 Circuit Court Reports, 291, That also was a sidewalk case, and the question involved was the validity of the assessment for the building of the sidewalk. If the conclusions of that court were right, then this case must be decided in favor of the plaintiffs.
Counsel for the city, however, contend that this conclusion was arrived at by the circuit court of Hamilton county without a thorough or careful consideration of the question presented; that the court — as is said in the brief of counsel — took it for granted that such a resolution as this must be passed in accordance with section 1694; and it is urged here that such a resolution is not within the provisions of that section, and that therefore the action of the council in this case was legal and valid and that the assessment should be enforced.
Hection 1694 provides:
“By laws, resolutions and ordinances of a general or permanent nature, shall be fully and distinctly read on three different days, unless three-fourths of the members elected dispense with the rule; and the vote on such suspension shall be taken by yeas and nays, separately on each by-law, resolution or ordinance and entered on the journal ”
It will be noticed that this section provides that by-laws, resolutions and ordinances of a general or permanent nature shall be fully and distinctly read on three different days, unless the rule is suspended, It is claimed by counsel for the city that this resolution was one neither of a general or permanent character. It is not claimed by counsel for the plaintiffs that it was of a general character; clearly it was not, as it applied only to one piece of property'; but it is claimed that it was of a permanent character, and that therefore it comes within the provisions of this *314 flection which I have just read. Section 2329 is the section relating to the construction of sidewalks, and provides:
“When the council, board of improvements, board of public works, board of city affairs, or board of administration, as the case may be, declares by resolution that certain specified sidewalks or gutters shall be constructed or repaired, the mayor, where no board as above designated exists, or such board, in any city having such board, upon being advised of the passage of such resolution, shall cause a written notice of the passage of such resolution to be served in the manner provided in section 2304 upon the owner or the agent of the owner of each parcel of land abutting on such sidewalk or gutter, who may be a resident of the city or village, in the manner provided by law for the service of summons in a civil action, and shall return a copy” etc.
The statute further provides for service upon a nonresident. It was under this section of the statute that the city council of the city of Toledo proceeded when they made provision for the construction of this sidewalk. It will be noticed that the statute provides simply that when the council, etc. declares by resolution that certain specified sidewalks or gutters shall be constructed, the notices shall be given &c. The statute does not say when the council declares the necessity to exist for a sidewalk.
Section 2330 provides:
“If such sidewalks or gutters are not constructed within thirty days, or are not repaired within ten days from the service of the notice or completion of the publication, the council or board may have the same done at the expense of the owner;” etc.
So that it will appear that after the council have declared by resolution that such a sidewalk shall be constructed, if it is not constructed within thirty days, there is nothing more for the council to do except to make a contract with some one to build the sidewalk; and then, under this same section 2330, the expense constitutes a lien upon the property and is collected the same as an assessment in other cases of improvements.
We think that such a resolution as this is of a permanent nature, and that the council should have proceeded in the passage of it according to section 1694,
*315 In the 49 Ohio St,, page 463 — Campbell v. Cincinnati, et al. — the supreme court held, as follows:
“An ordinance of a municipal corporation to condemn property for the opening and extension of a street, or to improve by grading, curbing and macadamizing a street so opened and extended, is an ordinance of a permanent nature, within the meaning of section 1694 of the Revised Statutes,
“The requirement in section 1694, that ordinances of a permanent nature shall be fully and distinctly read on three different days, unless three-fourths of the members elected dispense with the rule, is mandatory.’’
This was a case where there were two ordinances passed: one ordinance to condemn property for the opening and extension of a street, and another ordinance for the improvement of such a street by grading, curbing and macadamizing, The supreme court held that each ordinance was of a permanent nature,and that it must be passed according to the pr ions of sections 1694. The court say, on page 469:
“The subject-matter of the ordinances was of a permanent nature — the same test we would apply in making the character of a law as general or local, to depend on the character of this subject-matter. Property was to be condemned for the purpose of extending a street. A new thoroughfare was to be opened for the public travel, without limit as to continuance in time. The community at large would become interested in the improvement, as a highway to be kept constantly open.’’
And further along on the same page:
“When the street was opened and extended, the improvement ordinance was designed to render it lasting and durable, by grading, curbing and macadamizing.’’
And on page 470, the court say, through Dickman, Judge, who delivered the opinion:
“A permanent way, as applied to the road-bed and superstructure of a railway, was originally so called in England, as being the company’s finished road, in distinction from the contractor’s temporary way.’’
Counsel for the city have relied chiefly upon a case in 24 Ohio St., 232, Upington v. Oviatt, where the court held *316 that the passage of a resolution under section 2304 declaring a necessity to exist for a public improvement, did not come within the provisions of section 1694, The court in the Campbell case, on the same page from which I'have read, referring to this decision in 24 Ohio St., say:
“A distinction is sometimes drawn between an ordinance and a resolution, by which, the one prescribes a permanent rule of conduct or government, while the other is of a temporary character and prescribes no permanent rule of government. The statute, however, refers both to ‘resolutions and ordinances, of a general or permanent nature.’
“But in Upington v. Oviatt, 24 Ohio St., 232, in which the preliminary resolution declaring the necessity of t.he proposed improvement was not adopted with the prescribed formalities, was not read on three different days, nor such reading dispensed with by a vote of three fourths of the members elected, the court say: ‘It was not a resolution of a permanent nature. It made no provision for the future, but simply declared an existing fact.’ With such criteria of a temporary resolution, in the given instance, we would readily distinguish the ordinances under consideration as. having a continuous effect and permanent nature, within the statutory meaning.”
In 49 Ohio St. page 471, the court say:
“The purpose of the provision that ordinances shall be read on three different days before being put upon their passage, was doubtless to prevent hasty legislation, and secure a proper degree of deliberation. ”
On page 474 the court say:
“In Clark v, Crane, 5 Mich. 151, the supreme court laid down the rule that, ‘what the Jaw requires to be done for the protection of the tax-pajer is mandatory, and cannot be regarded as directory merely.’ The requirement that ordinances of a general or permanent nature, shall be fully and distinctly read upon three different days, is designed as a safeguard against rash and inconsiderate legislation, and being in a great degree essential to the protection of the rights of property, it should likewise be deemed a mandatory measure intended as a security for the citizen.”
Such a sidewalk, as the one provided for by this resolution and constructed as sidewalks usually are, is an im *317 provement of as permanent a nature as the pavements on the roadway of the street, and if the pavement in the roadway is constructed of wood — as is often the case — such a sidewalk is of a more permanent character than the pavement itself — it is of as permanent a character as the curbing in the street, which was one of the subjects covered by the ordinances discussed by the supreme court in this case in 49 Ohio St. The sidewalk is in the street; it is a part of the street. It is put down to remain, when it is constructed of such material as stone, for all time to come. A resolution providing for such an improvement, to be followed by a contract without any further action on the part of the council, to build the same and assess the cost of it against the property and the owner of the property, it seems to us, is one of a permanent nature and within the purview of section 1694 and within the reasoning of the supreme court in 49 Ohio St.
A case in 32 Ohio St., page 461, is also in point. This was not a sidewalk case, however, but it involved the validity of an ordinance which had not been passed according to section 1694. The court say, on page 466:
‘‘The courts of this state hold municipal corporations to a strict accountability in the exercise of power.”
And on the same page, they say:
‘‘We think, therefore, that it may be said that the policy of our jurisprudence is to require of municipal corporations a strict observance of their powers, and that, in the exercise of these powers they should observe the forms the law has directed. All tribunals of special and limited jurisdiction must show the authority under which they act, and act in the manner pointed out.”
I have referred to the case in 24 Ohio St., which is relied upon chiefly by counsel for the city. The first two paragraphs in the syllabus in that case are as follows:
‘‘The preliminary resolution declaring a proposed street improvement necessary, required by section 563 of the act of May 7th, 1869, known as the municipal code, is not a resolution of either a general or permanent nature, within the meaning of section 98 of said act.
*318 “The provision of section 100 of said act requiring all bylaws, resolutions and ordinances to be recorded in a separate book kept for that purpose, is, with respect to the particular book in which the record shall be made, directory merely. ”
And on page 240 of the opinion, delivered by Judge Stone, the court say:
“In the first place, it is said that the preliminary resolution required by section 568 of the municipal code, declaring the necessity of the proposed improvement, was not adopted with the formalities prescribed by section 78; it was not read on three different days, nor was such reading dispensed with by a vote of three-fourths of the members elected. Whether this section is to bo regarded as directory merely, or whether a compliance with its requirements constitutes, in any case, a condition precedent to the validity of any resolution or ordinance falling within its provisions, it is not necessary now to determine. ”
The supreme court, in the case in 49 Ohio St., do determine that these provisions are mandatory. The court in the 24 Ohio St., say, further:
“The resolution in question was not, in our judgment, one of that character. It was not a resolution of either a general or permanent nature. It did not relate to the streets of. the city generally, but to a particular street, and a particular improvement. It made no provision for the future; it prescribed no rule of conduct or duty, but simply declared an existing fact. ’ ’
The language of this resolution is very different. It does not simply declare that an improvement is necessary, but under section 2329, provides and orders that a sidewalk shall be constructed.
“We think that the conclusions arrived at by the circuit court of Hamilton county are in accordance with the doctrine of the supreme court of this state, and are therefore correct. I quote from the opinion of that court, 17 Circuit Court Reports, page 292, as follows:
“The principal contention of the defendant, as we understand, is that the resolution of the board of administration ordering this improvement was not read on three different days by the board, nor were the rules requiring this to be *319 done suspended, but it was passed on one reading; that by the statute of the state the council of any municipal corporation which has authority in the construction of sidewalks, must pursue this course, and therefore that the board of administration, which in this city has the same jurisdiction and power and must perform the same duties, must in the passage of the resolution act in the same way; and as it was not done, that the decision of the supreme court in the case of Campbell v. Cincinnati, 49 Ohio St., 463, is decisive of this case.
Hurd, Brumback & Thatcher, for Plaintiffs.
P. A. MacGahan, M. R, Brailey, City Solicitor, for Defendants.
“We think this claim is well founded. Section 1694 Revised Statutes, certainly made it the duty of all councils having jurisdiction of matters of this kind to pursue this course. It is so mandatory in its requirements that, if not complied with, the whole proceedings are void, as is held in the case above referred to.’’
We hold that the resolution ordering the construction of this sidewalk was within the meaning of section 1694, and not having been read on three different days, nor such reading dispensed with by three-fourths of the memfcers, that it, and the assessment levied, are of no legal effect, and void, and that therefore the defendants should be enjoined from collecting the assessment, and that the same should be abated upon the books of the auditor and the city clerk. There will be a judgment against the city for the costs of the action. The defendant Henry J. Bower asks no relief against the city, and no order is made as to him, except that his cross-petition is dismissed, as he can have no better standing in this case as between him and the plaintiffs than the city has. No other or further order is made in regard to him,