CASE 103—EX PARTE ACTION BY CITY OF LEXINGTON BY H. T. DUN-
CAN, MAYOR, AND W. S. BRONSTON, CITY SOLICITOR, TO HAVE AN
ORDINANCE OF SAID CITY ADJUDGED VOID, IN WHICH ACTION THE
HOME CONSTRUCTION CO. FILED ANSWER AND WAS MADE A PARTY
AND ASKED FOR MANDAMUS—NOV. 12.

# Home Construction Co. v. Duncan, Mayor, &c.

### APPEAL FROM FAYETTE CIRCUIT COURT.

JUDGMENT DISMISSING ACTION OF CITY AND REFUSING MANDAMUS
ASKED BY HOME CONSTRUCTION COMPANY, AND BOTH APPEAL.
AFFIRMED.

RES JUDICATA—ACTION TO DETERMINE VALIDITY OF ORDINANCE—RIGHT
OF DEFENDANT TO AFFIRMATIVE RELIEF.

Held:  1. A judgment dismissing, after full hearing on the merits,
an action against a city and its officers and another, to have an
ordinance or joint resolution declared void, was a bar to an
*ex parte* proceeding for the same purpose by the city and its
officers, to which their co-defendant in the former action was
on his motion made a party.

2. In an action under Kentucky Statutes, sec. 3063, part of charter
of cities of the second class, to test the validity of an ordin-
ance, no other question should be litigated, and no affirmative
relief can be granted to a person who on his own motion was
made a party in order to defend the validity of the ordinance.

GEO. C. WEBB FOR APPELLANT.

(No brief.)

H. T. DUNCAN, JR., ATTORNEY FOR APPELLEE, DUNCAN.

For the sake of argument, I shall admit that in a suit prop-
erly constituted the appellant would be entitled to a mandamus
against appellees, Duncan and Bronston, but the sole point I
make is, that the lower court and this court have no authority
to consider that question in this case. In short, the applica-
tion for a mandamus should have been made in an original
action and can not be presented in this suit in the form of a
cross-petition.

The right to file a cross petition is of statutory origin, no
such mode of relief being known to the common law. Statutory

Home Construction Co. v. Duncan, Mayor, &c.

remedies are strictly construed, and statutes conferring them are rigidly confined to such cases as are within the plain meaning of the law, which is never extended by intendment or doubtful implication.

"A cross-petition is the commencement of an action by a defendant . . . or by a plaintiff . . . and is not allowed to a defendant except upon a cause of action which affects or is affected by the original cause of action." Civil Code, sec. 96, subsec. 3.

If there is no defendant in the suit; if the plaintiff's petition does not purport to set up a cause of action; if no judgment is prayed for in the petition *against some one*, then obviously no cross-petition can be filed, because there is no defendant to file one.

The petition in this case is an *ex parte* one praying the court to pass upon the validity of an ordinance. This proceeding is authorized by the city charter, sec. 3063, Kentucky Statutes, art. 4, sec. 6, and except for this provision the court could not entertain such a petition. In no sense was it an action between two persons. It made no pretense of setting forth a cause of action.

It, therefore, seems clear that the cross-petition of appellant should have been dismissed.

OPINION OF THE COURT BY JUDGE WHITE—AFFIRMING.

The city of Lexington, by H. T. Duncan, mayor, and W. S. Bronston, city solicitor, instituted this action in the Fayette circuit court by *ex parte* proceeding, by which it is sought to have declared illegal and void a certain ordinance or joint resolution of the city accepting a bid of appellant, Home Construction Company, and directing the mayor and city solicitor to execute a contract with appellant for crushed stone. To the *ex parte* proceeding appellant filed answer, showing its interest in the subject-matter, and on its motion was made party defendant. In the answer of appellant, among other defenses made, it is pleaded in paragraph 5 that in July, 1899, an action was instituted in the Fayette circuit court by J. A. Barlow and another against the city of Lexington, its

mayor, city solicitor, and council and this appellant, in which it was sought to have the same ordinance or joint resolution, No. 350, declared void, and presented many of the same objections thereto and reasons against its validity as are now presented by the petition herein; that to that action the city of Lexington, its general council, mayor, and city solicitor, appeared and made defense; and that after a full hearing on the merits as there presented the court adjudged the joint resolution valid and binding, and dismissed the action of Barlow absolutely. Appellant then in its answer sought to make same a cross petition against appellees, H. T. Duncan, mayor, and W. S. Bronston, city solicitor, and as against them asked a mandamus to compel them to execute the contract with appellant in accordance with the joint resolution. The case came on for hearing on the pleadings and exhibits, and the court dismissed the action for the reason that the former judgment rendered in the action by Barlow, etc., pleaded, was a bar to this action, and was a final adjudication of the question of the validity of the resolution, No. 350. The court also refused mandamus on the cross petition of appellant against Duncan, mayor, and Bronston, city solicitor. From that judgment appellant appeals, and the city prosecutes a cross appeal.

We are of opinion that the validity of the joint resolution No. 350 was finally determined in the suit brought by Barlow, etc., in which the city of Lexington, as well as its officers were parties, and until that judgment is reversed or set aside by some proper method it is binding, and can not again be litigated by the city of Lexington. Hardwicke v. Young (110 Ky. 504 22 R., 1906) (62 S. W., 10); Bean v. Meguiar (20 Rep., 886) (47 S. W., 771); Burnett v. Com. (21 Rep., 695) (52 S. W., 965).

We are also of opinion that appellant, Home Construction Company, was not entitled in this action to mandamus or other affirmative relief.    This action was instituted under section 3063, Kentucky Statutes, being part of the charter of cities of the second class, and, being a special proceeding for the sole and simple purpose of testing the validity of ordinances, by-laws, and resolutions of the city, no other or further question should be litigated therein, and no affirmative relief could be given to any person who might, by permission of the court, be made party thereto, in order to defend or contest the validity of the ordinance or resolution.

Finding no error, the judgment is affirmed on both original and cross appeal.