# McDonald v. City of Lexington.

(Decided April 13, 1934.)

S. S. YANTIS, for appellant.

J. PELHAM JOHNSTON, S. S. WILLIS, and CHESTER D. ADAMS, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This is the second appeal of this case. ·The opinion on the former appeal may be found in 253 Ky. 585, 69 S. W. (2d) 288. On the return of this case to the circuit court, an ordinance was passed in conformity

with the suggestions made in the former opinion as to what would have to be done with reference to the sinking fund. Thereupon an amended and supplemental petition was filed setting out the steps which had been taken to conform with the opinion of this court on the former appeal, and this case was then again submitted to the circuit court for judgment. The circuit court having again adjudged the proposed bond issue valid, this appeal is prosecuted from that judgment.

The point is now made for the first time on this second appeal that the ordinance of September 11, 1933, to which reference was made in the former opinion, did not in the light of the former opinion in this case comply with section 3069 of the Kentucky Statutes, which provides in part that an ordinance calling an election for the purpose of incurring an indebtedness shall "specify the amount of indebtedness proposed to be incurred, the purpose or purposes of the same, and the amount of money necessary to be raised annually by taxation for an interest and sinking fund." Appellee argues that since this point was not raised on the former appeal the appellant is now, under the familiar doctrine of the law of the case, precluded from urging that consideration on this appeal. It is suggested on the other hand that although as between the taxpayers and the city, the judgment in the former appeal is binding and conclusive, yet as no bondholder was a party to this suit that judgment could not be binding on a bondholder, and since the principle of res judicata is mutual, then if the judgment would not be binding on the bondholder in a controversy between him and the city, neither would it be binding on the city. In this connection it may be observed that section 186c-6, Kentucky Statutes Supplement 1933, now requires a municipality, before issuing its bonds, to obtain a judgment of a court of competent jurisdiction concerning the validity of the proposed bond issue. In the very nature of things, there can be no bondholder to be made a party to such a suit for there can be no bondholder until after the bonds are issued. The statute requiring the city to obtain a judgment of a court of competent jurisdiction as to the validity of the bond issue before its issuance, it would certainly be anomalous to say that after the city had obtained such a judgment it could thereafter and after having sold the bonds on the faith of such a judgment question the binding force and effect of such judgment

even as against a bondholder not a party to the suit either actually or by representation. But be that as it may, we are of opinion that the ordinance of September 11, 1933, substantially complied with the quoted requirement of section 3069 of the Statutes. True it is that section 2 of the ordinance, in setting out how the money was to be raised to pay off the bond issue, principal, and interest, failed to provide for the raising of any money for principal for the first five years of the bond issue period. But section 1 of the ordinance, which prescribed the form of the question to be submitted to the voters, correctly provided that "both principal and interest" of the proposed bond issue were "all to be paid * * * out of taxes to be levied by the city annually during the period of 30 years beginning with the year 1934 and ending with the year 1963," this being the entire bond issue period. This same section 1 of the ordinance also provided that "an election * * * is hereby ordered to be held * * * to determine whether the city shall incur an indebtedness of $1,312,500 * * * and whether the city shall issue therefor its bonds in the total sum of $1,312,500, bearing interest at the rate of 4% per annum, payable semiannually, from date of issue and maturing at the rate of $52,500 each year for 25 years beginning in the year 1939 and ending in the year 1963; and shall provide for the levy and collection of an annual tax * * * sufficient to pay the interest * * * as it falls due, and provide for the creation of a sinking fund for the payment of the principal thereof in installments as it matures." Thus it is clear, as held on the first appeal of this case, that section 1 of the ordinance was drawn in strict conformity with the Constitution and correctly provided how the debt, principal, and interest was to be paid.

Whatever conflict there was between section 1 and section 2 of the ordinance would have to be resolved in favor of section 1 as against section 2, and the people having favorably voted on the question submitted to them by section 1, must be taken to have authorized the payment of the debt to be done in the way prescribed by section 1 rather than by section 2, the way so authorized being entirely constitutional. The invalidity of section 2 does not render the entire ordinance void if section 1 complies with section 3069 of the Statutes, and the elimination of section 2 from the ordinance will not, in view of the fact that the people voted favorably on

the provisions of section 1, they being the ones submitted to them at the election, render that election void, providing, again, section 1 of the ordinance complies with section 3069 of the Statutes.

To restate the provisions of section 1, so far as they bear on our problem of its compliance with section 3069 of the Statutes, we find that this section 1 sets out very specifically, first, the entire amount of the indebtedness; secondly, the amount of it to be paid each year, the first payment being postponed for a period of five years from the date of the bond issue; thirdly, the interest rate on the bond issue; and, lastly, the fact that both the principal and the interest was to be paid out of taxes levied by the city annually during the entire bond period. There was no postponement of the levying of the taxes to pay both principal and interest. The section left no doubt about the fact that each year enough money was to be raised by taxes to provide for the interest and the principal when and as the same fell due. The slightest reflection must convince one that this was a very substantial compliance with the mandatory provisions of section 3069 of the Statutes. Nothing was omitted except, perhaps, the arithmetical figure of the sum to be raised each year. While perhaps it would have been better practice to have incorporated this in the ordinance, yet every factor necessary to its determination was set out in the ordinance and in the question submitted to the people. The arithmetical figure was simply a matter of calculation from the information furnished. The case of Kash v. City of Jackson, 159 Ky. 523, 167 S. W. 676, supposed to militate against these views is scarcely in point other than to lay down the principle that the provisions of charters of the sixth class, similar to the provisions of section 3069 here in question, are mandatory in character and must be substantially complied with. In that case there was a total failure to comply in any manner with the charter provisions. All that was done by the ordinance there involved was to submit to the voters the amount of the indebtedness proposed to be incurred, nothing being said as to how or when it was to be paid—not even the interest rate on the proposed indebtedness. This court very properly held such an ordinance in violation of the charter provisions. In stating in that case that the provisions of the charter were mandatory, this court also said that therefore there must be a substantial compliance upon

the part of the municipal authorities with the requirements of the Statutes. In the case of Ex parte City of Covington, 160 Ky. 146, 169 S. W. 718, 719, this court followed the principle of the Kash Case, supra, in construing the provisions of section 3069 of the Statutes. In this Covington Case, the ordinance proposing the incurring of the debt did provide the total amount of the indebtedness proposed to be incurred and did provide that the rate of interest should be 4 per cent., and did provide that the bonds should be payable forty years after their issuance. But the ordinance said nothing about the levying of any annual or other tax to pay these bonds. As that opinion pointed out, for aught that the notice of election provided the voter might believe that the bond issue was to be paid by taxes levied at some remote time in the future and that his generation would not be called upon to pay any portion of this debt. The opinion further said:

"Whereas, if there was in the form of the question submitted to him something to clearly indicate that so much interest and so much of a sinking fund must be raised by taxation each year, even during his own time, there would certainly be much more reason for him to hesitate and investigate the proposition."

The court went on to say that it was manifestly the legislative intent that the ordinance should be framed in such form as to give the voter the fairest information and understanding as to the nature of the obligation proposed, and when, and how, and in what manner it was to be met, and since the ordinance in that case failed to comply with these requirements, it was held invalid. But in the instant case, the maturity of the serial payments on these bonds is set out in the ordinance and in the question submitted to the voter; the total amount of the proposed bond issue is therein stated, as is also the interest rate, and it is expressly provided that both the principal and interest are to be paid by taxes levied annually throughout the entire period of the bond issue. Every fact necessary for a voter to know in order to intelligently vote upon this bond issue is set out in the ordinance and in the question submitted to him on the ballot. Although indeed the provisions of section 3069 are mandatory, there may yet be a substantial as distinguished from a literal compliance with them without them being violated. Both the Kash and Covington

Cases so hold. As pointed out, there was in the instant case a substantial compliance with the provisions of this section by section 1 of the ordinance now under fire. The affirmative vote of the voters to the question submitted to them by this section 1 clearly authorized the city to issue the bonds under the terms set out in section 1 of the·ordinance, which conformed to constitutional requirements and those of section 3069 of the Statutes.

The judgment of the lower court being in accord with these views, it is affirmed.

Whole court sitting, except Judge Thomas who was absent.