# James H. Combs, on Behalf of Himself, etc., Appellants, v. City of Lexington et al., Appellees.

(Decided April 20, 1934.)

S. S. YANTIS for appellants.

CHESTER D. ADAMS, J. PELHAM JOHNSTON and J. NATHAN ELLIOTT for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This is an appeal from the judgment of the Fayette circuit court upholding the validity of an issue of $350,000 of school improvement bonds of the city of Lexington, the action being brought pursuant to section 186c-6 of the Statutes (Supplement 1933). The lower court held the bond issue valid, and, from that judgment, this appeal is prosecuted.

In the questions involved, this case is identical with the two cases of McDonald v. City of Lexington, reported in 253 Ky. 585, 69 S. W. (2d) 1065, and 253 Ky. 770, 70 S. W. (2d) 534. After the first McoDnald Case had been decided, a new ordinance was passed by the city of Lexington in order to make the sinking fund provisions of the instant bond issue conform to what we held in this first McDonald Case to be the requirements of section 159 of the Constitution. After the passage of this ordinance, there was yet presented in this case

the question as to whether or not an earlier ordinance giving notice of the election, at which the instant bond issue was to be and was submitted to the voters, complied with section 3069 of the Statutes, it being the contention of the appellant that an ordinance providing for the submission to the voters of a school bond issue, such as we have here, must comply with that section. Per contra, the appellees contend that section 3235a-28 of the Statutes, as amended by Laws 1930, c. 38, alone is applicable to such an ordinance, and that it is unnecessary for such an ordinance to comply with the provisions of section 3069 of the Statutes, at least where the bonds are, as here, of the serial type. We do not find it necessary to discuss this question. Clearly the ordinance calling the election complied with section 3235a-28 of the Statutes, as amended. Conceding arguendo that it must also comply with section 3069 of the Statutes, it did so substantially, being in this particular on all fours with the ordinance which was involved in the second McDonald Case, supra, and which we held was valid because substantially complying with this section 3069 of the Statutes. Therefore, on the authority of the two McDonald Cases above cited, the judgment of the lower court in this action is affirmed.