## Ballard County et al. v. Kentucky County Debt Commission et al.

May 26, 1942.

Franklin P. Hayes Woodward and Dawson & Hobson for appellants.

Hubert Meredith, Attorney General, and M. B. Holifield and A. E. Funk, Assistant Attorneys General, for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSION-ER—Reversing.

On the failure of the Attorney General to certify to the validity of refunding bonds in the amount of $25,000 proposed to be issued by Ballard county, the county debt commission refused to pass upon the question of the right of the county to issue the bonds. On appeal to the Franklin circuit court, the commission was upheld. The county and its fiscal officers have brought the action to this court for review.

The Attorney General refused to certify the validity of the bonds because he was of the opinion that the fiscal court did not provide at the time of the issuance of the original bonds a valid levy sufficient to pay the interest and retire the bonds within 40 years of the date of issue as required by Section 159 of the Constitution. The county has interposed the contention that the court is without power to now pass upon the question because the indebtedness has heretofore been declared to be valid by judgment of the Ballard circuit court which was affirmed by this court in an opinion rendered January 30, 1916, in the case of Billington v. Moore, 168 Ky. 22, 181 S. W. 651. In that case the validity of the indebtedness was attacked upon the sole ground that the election at which the bond issue was authorized was not advertised in accordance with Sections 4307 and 4308, Carroll's Kentucky Statutes. The questions herein raised by the Attorney General in support of his contention that the indebtedness was not validly incurred were not presented or determined in that case. It is conceded by appellees that under the doctrine of res judicata the judgment herein must be reversed unless the court determines it should overrule the opinion in the case of City of Newport v. Newport National Bank, 148 Ky. 213, 146 S. W. 377, which was followed in McDonald v. City of Lexington, 253 Ky. 770, 70 S. W. (2d) 534, and in a decision by four members of this court on a motion for an injunction in the unreported case of Adams v. City of Paducah. In the Newport case the court refused to again pass upon the validity of the bonds under consideration because in the case of Ex parte City of Newport, 141 Ky. 329, 132 S. W. 580, 37 L. R. A., N. S., 1034, Ann. Cas. 1912C, 447, theretofore decided, the bonds had been declared to be valid although the questions raised in the ex parte proceeding were not identical with those raised in the later case. The court said [148 Ky. 213, 146 S. W. 379]:

"We deem it unnecessary to discuss the authority of the city to issue bonds under the resolution of 1909, the subsequent vote, and the ordinance approved March 15, 1910, authorizing the bonds to be issued. While it is true that the only question actually considered by this court on the appeal of Ex parte [City of] Newport, 141 Ky. 329, 132 S. W. 580 [37 L. R. A., N. S., 1034, Ann. Cas. 1912C, 447], was whether or not, in determining the amount of the indebtedness of the city, the indebtedness of the board of education should be included, yet the judgment entered therein was conclusive of the validity of all the proceedings therein involved. It will not do to say that a city may file a proceeding to test the validity of the bonds, and, because only certain questions are raised and discussed, that the city, or any taxpayer, may thereafter attack the bonds upon other grounds not actually passed on and determined. If this were the rule, a judgment would never be res adjudicata. We are therefore of the opinion that the judgment in question is conclusive, both upon the city and appellee, a taxpayer of the city, not only upon the questions actually decided, but upon all questions affecting the validity of the bonds which might have been raised and decided. Home Construction Co. v. Duncan, 111 Ky. 914, 64 S. W. 997, 23 Ky. Law Rep. 1225."

The Attorney General has asked us to re-examine the principles enunciated in the case of City of Newport v. Newport National Bank, supra, with the view of overruling that decision and declaring that municipalities should not be precluded from questioning the legality of acts of their officials by a judgment rendered in a case in which the identical acts were not considered. Should we assent to this request and further determine that the principles enunciated in that case no longer would be adhered to, such decision could not benefit appellees unless we would further give it retroactive effect, the doing of which would violate the sound principles of the doctrine of stare decisis. Municipalities and bond holders are sufficiently safeguarded as to future issues by the enactment of Sections 186c-6, 186c-7, Carroll's Kentucky Statutes, which this court has held in numerous decisions must be strictly complied with in all suits seeking declaration of the validity of municipal bonds. The rule stare decisis, et non quieta movere (to stand by precedent, and

not to disturb settled points) finds support in the principle that courts ought not to withdraw or overrule decisions which have been promulgated and published by them, and on the faith and credit of which individuals and the public have entered into contracts or acquired property rights. As said in 14 Am. Jur. P., Section 61, pages 284 and 285:

"While, perhaps, it is more important as to far-reaching juridical principles that the court should be right than merely in harmony with previous decisions, in the light of higher civilization, later and more careful examination of authorities, wider and more thorough discussion and more mature reflection upon the policy of the law, it nevertheless is vital that there be stability in the courts in adhering to decisions deliberately made after ample consideration. Parties should not be encouraged to seek re-examination of determined principles and to speculate on a fluctuation of the law with every change in the expounders of it. As to many matters of frequent occurrence, the establishment of some certain guide is of more significance than the precise form of the rule, and substantial justice may often be better promoted by adhering to an erroneous decision than by overthrowing a rule once established."

The decision in the case of City of Newport v. Newport National Bank, supra, was rendered in the year 1912 and has since been followed. The decision in the Billington v. Moore case declaring to be valid the indebtedness herein questioned was rendered in January 1916. No doubt attorneys, advising the purchasers of the bonds, were acquainted with the principles enunciated in the Newport case, and, relying on that decision, felt safe to advise their clients that the investment was secure. Thus, property rights were acquired by individuals upon the faith that this court would adhere to the principles enunciated in the Newport case by declaring the judgment rendered in the Billington case was notice to the public that the indebtedness herein attacked is valid. That being true, we are unwilling to overrule the principles announced in the Newport case. It is immaterial whether the court had the constitutional right, because it was an ex parte action, to render the judgment pleaded in bar of the action in the Newport case, because

we are not dealing with the force or binding effect of that judgment, we are merely giving effect to the judgment in the Billington case (not an ex parte action) by reason of the principles enunciated in the Newport case.

There is an additional reason why the bonds under consideration should be declared to be valid. They were issued and sold in the manner approved in the case of Mitchell v. Knox County Fiscal Court, 165 Ky. 543, 177 S. W. 279 and prior to this court's opinion in Bird v. Asher, 170 Ky. 726, 186 S. W. 663, overruling Mitchell v. Knox County Fiscal Court, supra. What we have said as to bonds issued and sold under the authority of the Billington opinion has equal application to bonds issued and sold under the authority of the opinion of Mitchell v. Knox County Fiscal Court, prior to the date the opinion in Bird v. Asher, supra, became final.

Wherefore the judgment is reversed for proceedings consistent with this opinion.