## VAN ZANTEN v. CITY OF GRAND HAVEN.

1. TAXATION—SPECIAL ASSESSMENTS—PAVING TAX.

Out of a parcel of several lots owned by one taxpayer, only those within the assessment district, as fixed by the city council, may be specially assessed for paving. 1 Comp. Laws, §§ 3195, 3196 (2 How. Stat. [2d Ed.] §§ 5717, 5718).

2. SAME—ESTOPPEL — TIME TO OBJECT — REMOVING CLOUD FROM TITLE.

By failing to attend the meeting of the board of review, or file objections to the assessment, the taxpayer did not preclude himself from the remedy afforded by equity.

3. SAME—LACHES.

Nor did such nonaction bar a suit to remove the cloud from complainant's title, on the ground of laches.

4. SAME—PROPORTION PAYABLE—EVIDENCE.

Oral testimony as to the value of the separate parcels, included by the assessing officers, was incompetent: the valuation is fixed by statute as the value given in the last tax roll, and based on such valuation complainant should be required to pay the proportion of the tax fixed by the ratio of property in the district to the whole area.

5. SAME—SPECIAL ASSESSMENTS.

Grants of power to make special assessments must be strictly construed and strictly followed.

Appeal from Ottawa; Cross, J. Submitted January 16, 1913. (Docket No. 128.) Decided March 20, 1913.

Bill by Cornelius Van Zanten against the city of Grand Haven to vacate a tax lien as a cloud on complainants' title. From a decree dismissing the bill, complainant appeals. Reversed.

*Charles E. Soule* (*C. Edward Soule*, of counsel), for complainant.

*Daniel F. Pagelsen*, for defendant.

In the year 1911 the defendant city took certain proceedings under the statute (1 Comp. Laws, § 3192 *et seq.*,

2 How. Stat. [2d Ed.] § 5714), to pave Seventh street in said city.  Complainant is the owner of lot 7, which has a 66-foot frontage on Elliott street and abuts on Seventh street for a distance of 132 feet.  Complainant also owns lot 8 and the east half of lot 9.  These parcels lie immediately west of and adjoining lot 7.  They abut on Elliott street.  An old dwelling house stands upon lot 8.  Upon the ward tax roll for the year 1910 lots 7, 8, and the east half of lot 9 were assessed as one parcel to the complainant at a valuation of $1,400.  An assessment district was duly fixed by the common council, and a plat or map thereof was filed with the city clerk pursuant to section 3195, 1 Comp. Laws (2 How. Stat. [2d Ed.] § 5717).  Lot 7 only of complainant's property was included within the assessment district as shown upon the map.  A special assessment roll was duly prepared and filed, and notice was given to all property owners affected thereby that the common council and board of assessors would meet to review the same on April 17, 1911.  In said special assessment roll the entire 2½ lots owned by complainant were described and assessed as one parcel, the amount of the frontage being stated as 132 feet and the amount of the assessment $400.09.  Complainant did not appear at the meeting of the board of review on April 17, 1911, nor did he file any objections to said assessment.  On March 4, 1912, complainant submitted a written petition to the common council reciting the foregoing facts, together with the further fact that the assessed value of lot 7 in 1910 was $560; that sum being the proportion which lot 7 bore to the assessment on the 2½ lots for that year.  Complainant offered to pay the sum of $140, or 25 per cent. of such assessed valuation, and asked that lot 8 and the east half of lot 9 be released and discharged from said assessment.  The prayer of this petition being denied, complainant filed his bill of complaint under 1 Comp. Laws, § 448, as amended by Act No. 256 of the Public Acts of 1909 (4 How. Stat. [2d Ed.] § 11965).  The foregoing facts were stipulated, and upon the hearing the trial court, over com-

plainant's objection, admitted proof of the value of lots 7, 8, and the east half of lot 9, outside the ward assessment roll for the year 1910. From a decree dismissing the bill complainant appeals.

BROOKE, J. (*after stating the facts*). We are of opinion that the defendant acquired no jurisdiction in the premises over lot 8 and the east half of lot 9, but was limited in making up its assessment roll to lot 7, which alone of complainant's property had been included in the assessment district. Notice of the making and filing of the map or plat showing the district was given according to law and it must be presumed complainant had notice, if not knowledge, thereof. By such notice complainant was advised that lot 7 only had been placed within the assessment district, and he had a right to assume that, in making up the roll, lot 7 only would be taxed.

It is said by defendant that complainant's failure to attend the meeting of the board of review, or to file objections to said assessment, should be held to preclude him from seeking relief in the present proceeding—that he is now bound by the assessment. We cannot agree with this view.

In the case of *Steckert* v. *City of East Saginaw*, 22 Mich. 104, Justice COOLEY, speaking for the court, said:

" To hold that a man is bound at his peril to take notice of illegal action on the part of the public authorities, is carrying the doctrine of constructive notice very much farther than the authorities will warrant. We think, on the other hand, that the citizen has a right to assume that the law is being obeyed instead of violated by the public authorities."

Defendant insists, and the court held, that complainant was guilty of laches in not appearing and objecting to the confirmation of the assessment roll. In a proceeding for the sale of lands for delinquent paving taxes (*Auditor General* v. *Calkins*, 136 Mich. 1 [98 N. W. 742]), this court had under consideration the various sections of the statute here involved. We there said:

" This is not a case where a court of equity will leave a party complainant to his remedy at law. The defendant is now for the first time brought into court and given an opportunity to contest the validity of the proceedings. The statute gives him the right to wait until the State moves to foreclose the tax lien upon his property, and then gives him the right to appear and make any objections which were fatal to the proceedings. He cannot, therefore, be charged with laches."

The complainant herein did not wait until an attempt was made to enforce the illegal tax, but himself by seasonable action brought the matter to the attention of the court. The charge of laches is groundless.

Defendant being limited by its own act in making the assessment district to lot 7, what is the proper amount to be assessed thereon? Section 3196, 1 Comp. Laws (2 How. Stat. [2d Ed.] § 5718), provides that:

"In no case shall the whole amount to be levied by special assessment upon any lot or premises for any one improvement exceed twenty-five per cent. of the value of such lot or land, as valued and assessed for State and county taxation in the last preceding ward tax roll."

The limit of taxation is here fixed as well as the method of determination. No authority is given to fix an assessment based upon any valuation except that given "in the last preceding ward tax roll." The court improperly admitted and gave consideration to oral testimony as to value. This court has held that grants of power to make local assessments must be strictly construed and strictly followed. *Sibley* v. *Smith,* 2 Mich. 487; *Clark* v. *Crane,* 5 Mich. 151 (71 Am. Dec. 776); *Whitney* v. *Village of Hudson,* 69 Mich. 189 (37 N. W. 184). But it has been held that where a lot or parcel included within the special assessment district is part of a larger tract or parcel, and is assessed together with that lying outside the district as one parcel upon the ward roll, the assessors may apportion the value of the parcel within the district to the value of the whole tract as assessed upon the ward roll. *Boehme* v. *City of Monroe,* 106 Mich. 401

(64 N. W. 204). In the instant case the assessors failed to make this apportionment, but, as we have seen, assessed without warrant that portion of complainant's property lying outside the district as well as lot 7, which was within.    Inasmuch as the computation apportionment put in evidence by complainant seems to be equitable, we can perceive no reason for disturbing it.    Lot 7 in area is two-fifths of the whole and $560 is two-fifths of the whole assessed value of $1,400.    The improvements, be their value small or great, are located upon lot 8, while lot 7 is vacant, so that it may be presumed that the area method of apportionment was at least just to the defendant.

The judgment is reversed, and a decree will be entered in this court releasing and discharging all of complainant's property from the tax lien upon payment of $140 and interest.    Complainant will recover costs of both courts.

STEERE, C. J., and MOORE, MCALVAY, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.