VERNAKES *v.* CITY OF SOUTH HAVEN.

1. MUNICIPAL CORPORATIONS — ORDINANCES—LICENSE—PUBLICATION —CRIMINAL LAW.

   Publication of an ordinance is not essential to its validity in the absence of provisions in the city charter that it shall not take effect until after publication.

2. SAME—LICENSE—REVOCATION.

   Under section 3108, 1 Comp. Laws (2 How. Stat. [2d Ed.] § 5630), the city of South Haven was authorized to revoke the license of a pop corn dealer for noisy and disorderly conduct, without giving prior notice of its action to the licensee.

Error to Van Buren; Des Voignes, J. Submitted April 16, 1915. (Docket No. 130.) Decided June 7, 1915.

Thomas Vernakes was convicted in justice's court of selling pop corn in the city of South Haven without a hawker's license and removed the proceedings to the circuit court by writ of certiorari; conviction affirmed, and respondent brings error. Affirmed.

*Thomas J. Cavanaugh,* for appellant.

*Fred C. Cogshall,* for appellee.

MOORE, J.   Thomas Vernakes was granted two licenses to do business in the city of South Haven; one for maintaining a stand, and one for a pop corn wagon.   For these licenses he paid the city $30.   By their terms they expired in June, 1913.   On the evening of July 19, 1912, a special meeting of the council, attended by all of the aldermen, was held and the licenses revoked.

The resolution adopted contained the following as the reason for revoking the licenses:

"Said Thomas Vernakes conducts his business in a noisy and disorderly manner, and persists in continuously and loudly calling his wares to attract the attention of purchasers and refuses to desist therefrom at the request of the police officers of the city."

And also provided:

"Resolved further that the amount of said license fees, to wit, $30 be returned to said Thomas Vernakes.

"And be it further resolved that the chief of police be and he hereby is directed to serve upon said Thomas Vernakes a certified copy of this resolution."

The chief of police notified Mr. Vernakes.   He paid no attention to the notice.   He was arrested. After his arrest he was brought before the justice, pleaded not guilty, waived a jury, and demanded a trial.   It was objected at the trial that there could be no conviction:

(1) Because there was no proof, written, verbal, or otherwise, of the publication of the ordinance, and since the ordinance is penal in its character it became necessary for the city to prove the publication before the ordinance should be received in evidence and before a conviction could be based thereon.

(2) Because there was no certificate attached to the ordinance as provided by the statute, and since

there was no proof by the printer or other person or in any manner that the ordinance was ever published it could not be received in evidence.

(3) Because Thomas Vernakes had a license from the city of South Haven for which he paid and the council had no right to revoke the same without notice and a hearing and then only upon good cause shown.

(4) Because the ordinance under which Vernakes was arrested, tried, and convicted authorized the city clerk to revoke the license upon cause shown, by reason whereof the council had delegated the power of revocation to the clerk, and could not exercise that power itself.

These objections were all overruled by the justice, and the relator was convicted and fined. He sought to have his conviction reviewed by certiorari in the circuit court. The circuit judge affirmed the proceedings in justice's court, and the case is brought here by writ of error.

Objections 1 and 2 may be considered together. In his return to the writ of certiorari the justice returns:

"I do further certify and return that there was neither allegation nor proof that the ordinance upon which said complaint was based was never published. There was no certificate attached to the record of said ordinance in the 'Record of Ordinances,' nor was there any proof by the printer or any other person that said ordinance was ever published, but said ordinance and the passage thereof was duly proved by the testimony of the clerk of said city of South Haven."

The provisions in relation to the recording and publication of ordinances in cities of the fourth class are found in sections 3086 and 3087, 1 Comp. Laws (2 How. Stat. [2d Ed.] §§ 5608, 5609).

The following Michigan cases have held publication essential to the validity of ordinances: *People* v. *Keir,* 78 Mich. 98 (43 N. W. 1039) ; *Richter* v. *Harper,* 95 Mich. 221 (54 N. W. 768) ; *Van Alstine*

v. *People*, 37 Mich. 523. But an examination of these cases discloses the fact that in each case the charter provided that the ordinance should not take effect until after publication. In the instant case there is no provision that the ordinance shall not take effect until after publication.

In *Stevenson* v. *City of Bay City*, 26 Mich. 44, it is said:

"In the absence of a clear provision to the contrary, a provision in the charter of Bay City, requiring ordinances and the date of their publication to be recorded, and the record signed by the mayor and recorder, was held not to make such record a condition precedent to the validity and operation of an ordinance regularly adopted by the common council. * * * An ordinance lawfully adopted cannot be defeated by the omission of such a ministerial duty; for, otherwise, either mayor or recorder would be able to control or delay the legislation of the city by his individual action, and would possess a practical *veto* power not conferred or contemplated by the charter."

See, also, *Boehme* v. *City of Monroe*, 106 Mich. 401 (64 N. W. 204), and *Kenaston* v. *Riker*, 146 Mich. 163, at page 167 (109 N. W. 278).

Reasons 3 and 4 may be discussed together. We have already seen that the council by a unanimous vote revoked the licenses. It is said they cannot do that because they had delegated that power to the clerk. The circuit judge held the council could not delegate this power. We find it unnecessary to say whether it could.

Section 3108, 1 Comp. Laws (2 How. Stat. [2d Ed.] § 5630), in unambiguous terms provides that every license shall be revocable by the council at pleasure, and we think it had the right in this instance.

Judgment is affirmed.

BROOKE, C. J., and McALVAY, KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred.