STEVENS v. CITY OF MADISON HEIGHTS.

1. MUNICIPAL CORPORATIONS—ZONING—ADOPTION OF ORDINANCES.
   Newly-incorporated home-rule city's zoning ordinance was not valid, where it had not been adopted pursuant to procedure prescribed by statute authorizing the adoption thereof in that no public hearing following a 15-day notice had been held (CL 1948, § 125.584).

2. APPEAL AND ERROR—QUESTIONS REVIEWABLE—ADOPTION OF ZONING ORDINANCES—MUNICIPAL CORPORATIONS.
   Whether or not newly-incorporated home-rule city's zoning ordinance was reasonable and valid, after adoption in city charter by reference to antecedent township zoning ordinance and amended pursuant to procedure provided by statute authorizing cities to adopt zoning ordinance is not determined, where the ordinance referred to in the new charter had been adopted by the township pursuant to different statute empowering townships to adopt zoning ordinances and setting forth a different adoption procedure than that for adpotion of such ordinances by cities (CL 1948, §§ 125.272, 125.584).

3. SAME—QUESTIONS REVIEWABLE—ADOPTION OF ZONING ORDINANCES.
   Whether or not application of zoning ordinance, which had been adopted by newly-incorporated city by reference in its charter to ordinance of township in whose territory the city was formed, was reasonable as to plaintiffs' property, is not determined, where ordinance is invalid for not having been adopted pursuant to mandatory provisions of statute authorizing cities to adopt zoning ordinances (CL 1948, § 125.584).

Appeal from Oakland; Hartrick (George B.), J. Submitted April 7, 1959. (Docket No. 12, Calendar No. 47,403.) Decided November 25, 1959.

REFERENCES FOR POINTS IN HEADNOTES
[1] 37 Am Jur, Municipal Corporations § 144 *et seq.*

Bill by Robert W. Stevens, Zanfra M. Stevens and others against the City of Madison Heights, a municipal corporation, and various of its officials to restrain enforcement of restrictions in zoning ordinance. Decree for plaintiffs. Defendants appeal. Affirmed.

*Philip E. Rowston,* for plaintiffs.

*H. Eugene Field,* for defendants.

VOELKER, J. The plaintiff-appellees, Robert W. Stevens and Zanfra M. Stevens, on October 5, 1953, purchased a 7-1/2. acre parcel in the township of Royal Oak, Oakland county, Michigan. The property is presently embraced in that portion of the area of Royal Oak township which on December 6, 1955, was incorporated into the present city of Madison Heights. The city and certain of its officials are the defendants and appellants in this action. The property was purchased for a trailer park, which was built shortly after the purchase (apparently with the permission of the township authorities), and has been in continuous use as such ever since that date.

The township had a zoning ordinance in force at the time the plaintiffs built their trailer park which made such trailer parks in that area illegal. It appears that the ordinance was not enforced by the township authorities, however, because there is uncontroverted evidence of continuous and open operation of the trailer park since the date of its construction.

The city of Madison Heights attempted to adopt the zoning ordinance of the township by including in its charter the following provisions:

*"Planning and Zoning.* Section 3.16 * * * The zoning ordinance and the building code of the township of Royal Oak, under the conditions of section

7.1 hereof, shall continue in full force and effect in the territory incorporated within the city and be administered therein by the city until amended or repealed or found invalid.   *   *   *

"*Interim Legislation:* Section 7.1. The valid provisions of all by-laws, ordinances, resolutions, rules and regulations of the township of Royal Oak, which are not inconsistent with this charter and which are in force and effect and lawfully applicable to the city of Madison Heights, at the time of the effective date of this charter, shall continue in full force and effect and be administered by and for the city until and unless repealed or amended under provisions hereof or rendered invalid by law."

On March 7, 1956, the city also passed an ordinance amending the adopted zoning ordinance, which rezoned plaintiffs' parcel of land from commercial and 1-family residence use to light industrial use. This relaxation did not, however, serve to permit plaintiffs' use of the parcel as a trailer park. Shortly thereafter the city began issuing police tickets to the plaintiffs, alleging violation of the zoning ordinance thus amended. The plaintiffs instituted this chancery action to have the ordinance declared invalid as to them.

In the court below (as here) the plaintiffs claimed that the ordinance was not valid because the city in adopting the zoning ordinance in its charter had not followed the statutory procedure set out in CL 1948, § 125.584 (Stat Ann 1958 Rev § 5.2934), citing *Krajenke Buick Sales* v. *Hamtramck City Engineer,* 322 Mich 250. The *Krajenke Case* in effect held that a city has no inherent police power to zone, but rather derives its authority from the cited statute, and further that the provisions of such statute must be strictly complied with or the zoning ordinance will not be valid. The plaintiffs further claimed that as to them the zoning ordinance was unreasonable.

The chancellor in his opinion agreed with and adopted the plaintiffs' views and decreed that the zoning ordinance was invalid. From that decree the defendants have appealed. In their appeal the appellants set out 5 questions, which for our purposes were adequately summarized by the appellees as follows:

"Can a home-rule city adopt as its zoning ordinance a township zoning ordinance by incorporating it, by reference, in their city charter at the time it comes into existence as a home-rule city?

"Is the zoning of plaintiffs' 7-1/2 acre open and undeveloped tract of land, which is located at the extreme northeastern part of defendant city, reasonable in restricting plaintiffs' use for trailer park?"

The *Krajenke Case* is so plain and clear that it is unnecessary for us to reiterate the necessity for strict adherence to the statutory procedure for adopting a municipal zoning ordinance. The statute spells out a certain procedure that must be followed to enact a zoning ordinance; this procedure admittedly was not followed by the city in this case; and therefore the ordinance in question is invalid. Whether the ordinance would be valid had the township in adopting the original ordinance followed the procedure set out in the above cited statute we need not go into because there is no showing that the township ordinance was ever so enacted. Instead it appears to have been enacted in accordance with CL 1948, § 125-.272 (Stat Ann 1949 Rev § 5.2963[2]), as the statute then stood, which in turn sets out the procedure by which townships may adopt zoning ordinances. Having thus upheld the chancellor's ruling that the present city ordinance was invalid it is manifestly unnecessary to discuss the reasonableness of the zoning ordinance as it applies to the plaintiffs' property.

Appellants argue quite plausibly in their brief that a holding such as this would leave newly incor-

porated cities open to and defenseless before un-
controlled construction during the period of time
necessary to adopt a valid zoning ordinance. This is
concededly an unfortunate result, but as we said in
the *Krajenke Case* the statutory procedure is manda-
tory and quite clear; the proper steps were not taken;
and therefore the ordinance must be held invalid.
We note that this problem has since been corrected
by the legislature: see PA 1957, No 131, amending
CL 1948, § 117.4i, subd (3) (Stat Ann 1957 Cum Supp
§ 5.2082, subd [3]). Unfortunately for the appel-
lants the legislature did not act in time to cure their
ills.

The decree is affirmed, with costs to appellees.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK,
EDWARDS, and KAVANAGH, JJ., concurred.