PEOPLE v POYMA

(CITY OF SOUTH LYON v POYMA)

Docket No. 78-1785. Submitted March 12, 1979, at Lansing.—Decided July 10, 1979.

Anthony J. Poyma was convicted of driving under the influence of intoxicating liquor in violation of the City of South Lyon's ordinance no. 94. The ordinance adopts by reference the entire Uniform Traffic Code. The adopting ordinance was never published in any newspaper. Instead, a notice was published in the South Lyon Herald indicating adoption of the code by reference. Both prior to trial and subsequent thereto defendant alleged that the ordinance was invalid and moved to dismiss. Oakland District Court, Martin L. Boyle, J., denied these motions and ordered defendant to pay a $100 fine, $150 in costs, and a $5 statutory judgment fee. Defendant appealed to Oakland Circuit Court. The circuit court, Alice L. Gilbert, J., issued an order vacating defendant's district court conviction for violating the South Lyon ordinance. The basis for this order was that the ordinance, which adopted the traffic code under which he was convicted, was void for lack of publication. The people appeal. The question presented is whether South Lyon's failure to publish adopting ordinance no. 94 rendered the ordinance invalid. *Held:*

Both the charter and the adopting ordinance clearly indicate that the publication of the adopting ordinance is a prerequisite to the legal effectiveness of the code being adopted. The adoption by reference statute contemplates full publication of an adopting ordinance. By failing to publish the adopting ordinance South Lyon violated the publication requirements of the ordinance itself, the city charter and the adoption statute. The ordinance under which defendant had been convicted was invalid for lack of publication of the adopting ordinance. Vacation of defendant's conviction under the ordinance and dismissal of charges was proper.

Affirmed.

REFERENCE FOR POINTS IN HEADNOTES

[1, 2, 3] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 350.

1. MUNICIPAL CORPORATIONS — ORDINANCES — PUBLICATION — STATUTES.

   Generally, all city, township or village ordinances must be published in a local newspaper within one week of their adoption (MCL 89.6; MSA 5.1722).

2. MUNICIPAL CORPORATIONS — ORDINANCES — PUBLICATION — PUBLIC ACCESS — DEFINITIONS.

   Publication of city, township or village ordinances means printing or otherwise reproducing copies of them and distributing them in such a manner as to make their contents easily accessible to the public.

3. MUNICIPAL CORPORATIONS — ORDINANCES — UNIFORM TRAFFIC CODE — ADOPTION BY REFERENCE — PUBLICATION — STATUTES.

   A statute authorizes cities to adopt the Uniform Traffic Code by reference; such code need not be published in full, but the law requires that publication of the code or ordinance shall be supplemented by a notice of the purpose of such code and of the fact that complete copies of the code are available at the office of the city clerk for inspection by and distribution to the public at all times (MCL 257.951, 257.952; MSA 9.2651, 9.2652).

4. MUNICIPAL CORPORATIONS — ORDINANCES — UNIFORM TRAFFIC CODE — ADOPTION BY REFERENCE — PUBLICATION — CITY CHARTERS — STATUTES.

   A city ordinance attempting to adopt the Uniform Traffic Code by reference is invalid where the city failed to publish the adopting ordinance in violation of the requirements of the ordinance, the city charter and the adoption by reference statute and where both the charter and the adopting ordinance clearly indicate that the publication of the adopting ordinance is a prerequisite to the legal effectiveness of the code being adopted (MCL 257.952; MSA 9.2652).

5. MUNICIPAL CORPORATIONS — ORDINANCES — UNIFORM TRAFFIC CODE — ADOPTION BY REFERENCE — PUBLICATION — SUBSTANTIAL COMPLIANCE.

   The publication requirements of a city ordinance, city charter and adoption statute, which require publication of a code-adopting ordinance, must be strictly complied with where a city intends to adopt the Uniform Traffic Code by reference; full publication of the adopting ordinance is necessary to properly inform the public of new traffic regulations; anything less, such as substantial compliance with ordinance publication requirements, is insufficient.

*Cooper, Shifman & Gabe* (by *Philip H. Seymour*), for plaintiff.

*John H. Burke,* for defendant.

Before: CYNAR, P.J., and J. H. GILLIS, and N. A. BAGULEY,* JJ.

CYNAR, P.J. Plaintiff appeals by leave granted from a November 29, 1977, circuit court order vacating defendant's district court conviction for violating a City of South Lyon ordinance. The basis for this order was that the ordinance, which adopted the traffic ordinance under which he was convicted, was void for lack of publication.

On January 3, 1977, defendant was convicted of driving under the influence of intoxicating liquor, a violation of City of South Lyon's Ordinance No. 94, ch 5, § 5.15. Both prior to trial and subsequent thereto defendant alleged that the ordinance was invalid and moved to dismiss. These motions were denied and defendant was ordered to pay a $100 fine, $150 in costs, and a $5 statutory judgment fee. Defendant appealed to circuit court and obtained the order which plaintiff challenges at this time.

The ordinance in question, which was passed by the City of South Lyon City Council on February 2, 1959, contains very little substance.[1] Instead, it

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Ordinance No. 94, the ordinance in question, reads in full as follows:

"An ordinance to adopt by reference the Uniform Traffic Code for Michigan Cities, Townships and Villages.

"The City of South Lyon ordains:

"Sec. 1. CODE ADOPTED

"The Uniform Traffic Code for cities, townships and villages promulgated by the Commissioner of State Police on February 14, 1958, and published in Supplement No. 13, Michigan Administrative Code, pages 5 to 37, in accordance with Public Act 62 of 1956, State of

adopts, by reference, the entire Uniform Traffic Code, without setting forth all the ordinances contained in that code.

The adopting ordinance was never published in full in any newspaper. Instead, a notice was published in the February 5, 1959, edition of the South Lyon Herald, indicating that the Uniform Traffic Code had been adopted by reference by the city council on February 2, 1959. This notice stated the code's purpose, noted that complete copies of the code were available at the city clerk's office, and stated that "no further or additional publications of the Uniform Traffic Code is required or contemplated".[2]

The Legislature has provided, as a general rule, that all ordinances must be published in a local newspaper within one week of their adoption. MCL 89.6; MSA 5.1722. As applied to statutes and ordinances, "publication" means "printing or oth-

---

Michigan, is hereby adopted by reference as in this ordinance modified.

"Sec. 2. REFERENCES IN CODE

"References in the Uniform Traffic Code for Michigan Cities, Townships and Villages to 'governmental unit' shall mean the City of South Lyon.

"Sec. 3. NOTICE TO BE PUBLISHED

"The City Clerk shall publish this ordinance in the manner required by law and shall at the same time publish a supplementary notice setting forth the purpose of said Uniform Traffic Code and of the fact that complete copies of the Code are available at the office of the Clerk for inspection by and distribution to the public at all times.

"Sec. 4. CONFLICTING ORDINANCES REPEALED

"All ordinances and all provisions therein inconsistent with the provisions of the Uniform Traffic Code, to the extend of such inconsistency, are hereby repealed, effective when Uniform Traffic Code ordinance becomes effective.

"Sec. 5. EFFECTIVE DATE OF THIS ORDINANCE

"The Uniform Traffic Code will be in effect in this governmental unit ten (10) days after publication of this adopting ordinance.

Adopted: February 2, 1959."

[2] The February 5, 1959, edition of the South Lyon Herald also contained an article referring to the enactment of the code, which improperly refers to it as the "Uniform Motor Vehicle Code".

erwise reproducing copies of them and distributing them in such a manner as to make their contents easily accessible to the public". Black's Law Dictionary (4th ed), p 1396.

However, the Legislature has provided a specific means of adopting and publishing the code involved here. MCL 257.951; MSA 9.2651 authorizes cities to adopt the Uniform Traffic Code by reference, stating:

> "Any city, township or village is hereby authorized to adopt by reference any code or ordinance for the regulation of traffic within cities, townships and villages which has been promulgated by the commissioner of the state police. The commissioner of the state police is hereby authorized to promulgate a uniform traffic code subject to the provisions of Act No. 88 of the Public Acts of 1943, as amended, being sections 24.71 to 24.82, inclusive, of the Complied Laws of 1948."

MCL 257.952; MSA 9.2652 provides the specific means of publishing the adoption ordinance. It reads:

> "The code or ordinance, so passed, shall clearly identify the code so adopted by reference. Such code need not be published in full: Provided, however, That publication of the code or ordinance shall be supplemented by a notice of the purpose of such code and of the fact that complete copies of the code are available at the office of the city, township or village clerk for inspection by and distribution to the public at all times."

Although the second sentence of MCL 257.952; MSA 9.2652 provides an exception to the general rule of publication insofar as the code being adopted is concerned, the third sentence clearly contemplates full publication of the adopting ordinance.

Plaintiff correctly concedes that the publication requirement of MCL 257.952; MSA 9.2652 was not complied with in this case. However, it contends that the failure to comply with state law does not render the ordinance ineffective. In this regard, plaintiff cites *Vernakes v South Haven,* 186 Mich 595; 152 NW 919 (1915), where the Court held that the failure of a city to publish an ordinance does not render it ineffective, in the absence of a city charter so specifying.

In the present case, however, the city charter of the City of South Lyon also requires publication of the adopting ordinance. Section 4.12 of the charter reads:

"Section 4.12. The Council may adopt in whole or in part any provision of state law or any detailed technical regulations as a city ordinance or code by citation of such provision of state law or by reference to any recognized standard code, official or unofficial, provided that any such provision of state law or standard code shall be clearly identified in the ordinance adopting the same as an ordinance of the city. *Where any code or amendment thereto is so adopted, all requirements for its publication may be met, other provisions of this Charter notwithstanding, by publishing the ordinance citing such code and by keeping copies of the code itself available to the public in book or booklet form at a reasonable charge.*" (Emphasis added.)

Further, § 4.9 of the city charter provides that the effective date of an ordinance "shall not be less than ten days after its adoption *nor before publication thereof*". (Emphasis added.) This language is substantially repeated in the adopting ordinance itself, which requires the city clerk to "publish this ordinance in the manner required by law" and which states that "The Uniform Traffic Code will

be in effect in this governmental unit ten (10) days after publication of this adopting ordinance".

Therefore, it is clear that plaintiff's failure to publish the adopting ordinance violated the requirements of the ordinance and city charter, as well as the requirements of MCL 257.952; MSA 9.2652. Both the charter and the adopting ordinance clearly indicate that the publication of the adopting ordinance is a prerequisite to the legal effectiveness of the code being adopted. Under these circumstances, plaintiff cannot rely upon the holding in *Vernakes, supra.*

Plaintiff next urges us to adopt a "substantial compliance" standard in evaluating the charter and ordinance publication requirements. It argues that the notice that was published provided the same notice of the enactment of the code as would have the publication of the adopting ordinance.

We disagree. Although the adopting ordinance does not contain all the provisions of the Uniform Traffic Code, it does contain information that was not conveyed by virtue of the notice publication. Most prominent is the absence of reference to the effective date of the ordinance, which is required by § 4.9 of the city charter to be included in the ordinance. This valuable piece of information was conveyed nowhere in the notice sent to the newspaper for publication.

Nor does the case law of this state support a "substantial compliance" standard for publication. To the contrary, the prior opinions in this area tend to adhere to a policy of strict compliance with publication requirements. See *L A Thompson Scenic R Co v McCabe,* 211 Mich 133; 178 NW 662 (1920), *Village of Durand v Love,* 254 Mich 538; 236 NW 855 (1931), and *Stevens v Madison Heights,* 358 Mich 90; 99 NW2d 564 (1959). See

also 5 McQuillian, Municipal Corporations (3d ed), § 16.78, pp 300-301, and 62 CJS, Municipal Corporations, § 427a, pp 816-817. Plaintiff has unambiguously required publication prior to the effective date of the ordinance and cannot now complain of a requirement the existence of which is totally its own responsibility.

Therefore, we conclude that the circuit court judge properly concluded that the ordinance under which defendant had been convicted was invalid for lack of publication of the adopting ordinance. In light of this conclusion, we hold the circuit judge properly vacated defendant's conviction under the ordinance and properly ordered the charge dismissed.[3]

Affirmed.

---

[3] We note that MCL 257.625; MSA 9.2325 proscribes the same conduct, driving under the influence of intoxicating liquor, that was covered by the ordinance under which defendant was charged. We express no opinion at this time as to whether defendant can now be charged with a violation of the state statute.