PEOPLE v TUTTLE

(CITY OF NOVI v TUTTLE)

Docket No. 51515. Submitted February 3, 1981, at Lansing.—Decided
    March 17, 1981. Leave to appeal applied for.

Thomas J. Tuttle was charged with driving while under the
    influence of intoxicating liquor in violation of a Novi city
    ordinance. Prior to trial, he challenged the validity of the
    ordinance, which challenge was taken under advisement by the
    trial court. Following trial, a jury found him guilty as charged.
    The trial court dismissed the charge, however, on the ground
    that the city had failed to comply with the distribution provi-
    sions under the state uniform traffic code and that, thus, the
    city's ordinance was invalid as not properly published. The city
    appealed to Oakland Circuit Court which affirmed the trial
    court's decision, Steven N. Andrews, J. The city appeals by
    leave granted. *Held:*

    The statutory requirements for valid publication of the city's
    traffic ordinance which adopted the state's uniform traffic code
    did not include free distribution of copies of the code to the
    public. At the time of trial, such distribution was mandated by
    a separate statute, and the failure of the city clerk to perform
    the duties required thereunder did not render the city's traffic
    ordinance void. Since the city complied with statutory publica-
    tion requirements, the trial court erred in dismissing the
    charges against defendant.

    Reversed and remanded.

1. APPEAL — JUDICIAL CONSTRUCTION — STATUTES.

    The Court of Appeals in construing the provisions of a statute
        should ascertain the intent of the Legislature; where two
        sections of the same act are being considered, the court should
        interpret them so as to produce a total enactment which is
        harmonious and consistent.

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes §§ 94, 95, 145, 146.
[2] 56 Am Jur 2d, Municipal Corporations, Counties, and other
    Political Subdivisions § 350.
[3] [No Reference]

2. MUNICIPAL CORPORATIONS — TRAFFIC ORDINANCES — UNIFORM
    TRAFFIC CODE — STATUTES.

   A city's publication of its traffic ordinance which incorporates the
   state's uniform traffic code by reference is valid where the city
   complies with the statutory publication requirements under the
   code, and a violation by the city of the distribution require-
   ments under the code does not render the publication invalid
   (MCL 257.952, 257.954; MSA 9.2652, 9.2654).

3. MUNICIPAL CORPORATIONS — MUNICIPAL ORDINANCES.

   The failure of a city clerk to perform a duty required by law in
   reference to an ordinance does not invalidate the ordinance
   where it was properly passed.

*Lampert, Fried & Levitt, P.C.* (by *David M. Fried*
and *Phillip G. Rosenberg*), for the people.

*Robert W. Larin,* for defendant.

Before: DANHOF, C.J., and R. M. MAHER and
BEASLEY, JJ.

PER CURIAM. Plaintiff-appellant, City of Novi,
appeals the circuit court's affirmance of the dis-
trict court's dismissal of charges against defen-
dant-appellee, Thomas Joseph Tuttle.

Tuttle was arrested in November, 1978, for driv-
ing while under the influence of intoxicating liquor
contrary to Novi Ordinance 77-81. Prior to his
trial, he challenged the validity of the ordinance
claiming that the city's practice of charging $2 for
a copy of the uniform traffic code violated the
requirements of MCL 257.954; MSA 9.2654. Taking
the challenge under advisement, defendant was
tried by a jury and convicted as charged. After the
trial, the court reconsidered defendant's challenge
and dismissed the charge against him on the basis
that the city had failed to comply with MCL
257.954; MSA 9.2654. The city appealed to the
circuit court, which affirmed the trial court. The

city's application for leave to appeal to this Court was granted.

The city argues that MCL 257.952; MSA 9.2652 establishes the publication requirements for ordinances adopting the uniform traffic code. The defendant argues, however, that compliance with MCL 257.954; MSA 9.2654 is also a prerequisite to proper publication and that the city's failure to comply with this statute rendered the ordinance invalid for lack of proper publication.

MCL 257.952; MSA 9.2652 provided at the time of trial:

"The code or ordinance, so passed, shall clearly identify the code so adopted by reference. Such code need not be published in full: Provided, however, That publication of the code or ordinance shall be supplemented by a notice of the purpose of such code and of the fact that complete copies of the code are available at the office of the city, township or village clerk for inspection by and distribution to the public at all times."[1]

It is undisputed that the city complied with these requirements.

MCL 257.954; MSA 9.2654 provided at the time of trial:

"Upon adoption of any such code by reference, the city, township or village clerk shall maintain in his office a supply of copies of the code for inspection by and distribution to the public without charge."[2]

[1] This statute was subsequently amended by 1979 PA 119. The amendment is not, however, material to any issue raised on appeal.

[2] The Legislature subsequently removed the requirement that copies of the code be distributed without charge. 1979 PA 119. As presently enacted, MCL 257.954; MSA 9.2654 provides:

"Upon adoption of the code by reference, the city, township, or village clerk shall maintain in his or her office a copy of the code for inspection by the public or a person charged under the code."

Accordingly, this statute now merely provides that the city, township, or village clerk carry out the last requirement mandated by MCL 257.952; MSA 9.2652.

Accordingly, the issue on appeal is whether the city clerk's failure to provide copies of the code free of charge rendered the ordinance invalid for lack of proper publication.

The primary rule of statutory construction is to ascertain the intent of the Legislature, which is controlling. *The Lamphere Schools v Lamphere Federation of Teachers,* 400 Mich 104, 110; 252 NW2d 818 (1977). Legislative intent may be determined by looking to the title of the act. *Id.,* 110-111, *Fidlin v Collison,* 9 Mich App 157, 163; 156 NW2d 53 (1967). Where considering two sections of the same act, this Court should interpret them so as to produce a total enactment that is harmonious and consistent. *Attorney General ex rel Ins Comm'r v Michigan Property & Casualty Guaranty Ass'n,* 80 Mich App 653, 658; 263 NW2d 918 (1978).

At the time of trial the title of the act provided:

"AN ACT to authorize the commissioner of the state police to promulgate a uniform traffic code; to authorize any city, township or village to adopt such uniform traffic code by reference without publication in full."[3]

It is clear that the Legislature intended to provide for the promulgation of a uniform traffic code and to allow cities to adopt that code without full publication. In furtherance of this purpose MCL 257.952; MSA 9.2652 provided the extent of publication that would be necessary and required that a city publish the adopting ordinance along with notice of the purpose of such ordinance and that complete copies of the code be made available to the public. This statute did not require that copies of the code be made available without charge.

---

[3] The title was subsequently amended by 1978 PA 514. The amendment, however, is not material to any issue raised on appeal.

Although the Legislature also promulgated MCL 257.954; MSA 9.2654 to insure that copies of the code were available to the public, the requirement of free distribution was not made a part of the procedure required for valid publication. The city's violation of MCL 257.954; MSA 9.2654 does not void the ordinance. The failure of a city clerk to perform a duty required by law does not invalidate an ordinance which was properly passed. *Boehme v City of Monroe,* 106 Mich 401, 406; 64 NW 204 (1895). Therefore, because the City of Novi complied with the publication requirements of MCL 257.952; MSA 9.2652 the ordinance was valid, and the trial court erred when it dismissed the charges against defendant.

Defendant's reliance on *People v Poyma,* 91 Mich App 238; 283 NW2d 707 (1979), is misplaced. In that case, this Court recognized that a city must strictly comply with MCL 257.952; MSA 9.2652. *Id.,* 242, 244-245. *Poyma* did not involve the effect of the free distribution requirement of MCL 257.954; MSA 9.2654 on the issue of valid publication. In the instant case the city fully complied with MCL 257.952; MSA 9.2652.

Reversed and remanded for sentencing.