CITY OF FARMINGTON HILLS v BETRUS

Docket No. 80399. Submitted April 16, 1985, at Lansing.—Decided
July 10, 1985. Leave to appeal denied, 424 Mich 872.

Robert M. Betrus was convicted by a jury in 47th District Court,
Margaret G. Schaeffer, J., of driving under the influence of
alcohol in violation of a provision in the City of Farmington
Hills City Code. Defendant appealed to the Oakland Circuit
Court, which affirmed, Gene Schnelz, J. Defendant sought leave
to appeal to the Court of Appeals. The Court of Appeals denied
leave to appeal. Docket No. 71652, order of November 30, 1983.
Defendant sought leave to appeal to the Supreme Court. The
Supreme Court, in lieu of granting leave to appeal, remanded
the case "to the Court of Appeals for consideration as on leave
granted". 419 Mich 919 (1984). *Held:*

Defendant's claim that his conviction is invalid because the
Uniform Traffic Code was never properly incorporated into the
City of Farmington Hills City Code due to the city's failure to
comply with the statutorily mandated publication requirements
is without merit. While the ordinance which adopted by refer-
ence the Uniform Traffic Code spoke only of the "Traffic Code",
it was clear that the reference was to the Uniform Traffic Code
and thus that code was clearly identified within the meaning of
the language of the statute which provides for publication in a
local newspaper of less than the complete text of a code which
is being adopted.

Affirmed.

MUNICIPAL CORPORATIONS — ORDINANCES — UNIFORM TRAFFIC CODE
— ADOPTION BY REFERENCE.

Publication in full of a city ordinance adopting by reference the
Uniform Traffic Code satisfies the publication requirement even
though the ordinance refers to the "Traffic Code" rather than
the "Uniform Traffic Code" where it is clear that it was the

REFERENCES FOR POINTS IN HEADNOTE

Am Jur 2d, Municipal Corporations, Counties, and other Political
Subdivisions §§ 343 *et seq.*

Power of municipal corporation to limit exclusive use of designated
lanes or streets to buses and taxicabs. 43 ALR3d 1394.

Uniform Traffic Code that was being adopted (MCL 257.952; MSA 9.2652).

*Brennan, Bibeau & Poehlman, P.C.* (by *Paul H. Bibeau),* for plaintiff.

*Allen C. Ingle,* for defendant.

Before: Danhof, C.J., and M. J. Kelly and M. E. Dodge,* JJ.

Per Curiam. Defendant was convicted by a jury in the 47th District Court of driving under the influence of alcohol in violation of the City of Farmington Hills Code. He was given a suspended sentence of 90 days in jail, placed on probation for one year, and ordered to attend Alcoholics Anonymous meetings and to pay $480 in fines, costs, and fees. The circuit court affirmed defendant's conviction. This Court denied defendant's application for leave to appeal. The validity of defendant's conviction is now before us on remand from the Supreme Court for consideration "as on leave granted".

On January 6, 1977, after the Farmington Hills City Council passed Ordinance No. C-80, which adopted a revision and codification of the city's ordinances, the text of Ordinance No. C-80 was published in the *Farmington Forum,* a local newspaper. The adopting ordinance provided that the city was adopting and ordering the printing of the "Farmington Hills City Code", pursuant to 1909 PA 279. Section 2 of Ordinance No. C-80 provided that all ordinances adopted prior to January 15, 1977, and not contained in the new code of ordinances, were "hereby repealed". Section 3 of the ordinance indicated that ordinances of the city of a "general and permanent nature" were "amended, repealed, and rearranged" in various parts of the

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

new municipal ordinance code. Reference was made to the title of different subjects and to the parts of the new ordinance code in which those subjects could be found, including the "Traffic Code", which was located in Part VII of the new ordinance code.

Pursuant to MCL 257.951; MSA 9.2651, the Uniform Traffic Code may be adopted by reference. As required in MCL 257.952; MSA 9.2652, § 1 of Ordinance No. C-80 provided that a copy of the ordinance code was on file with the city clerk and available for public use and inspection. Reference to Part VII, article 1 of the new code revealed that the "Uniform Traffic Code" as promulgated by the Commissioner of State Police "is hereby adopted by reference". Part VII, article 1 also set forth the text of the various sections of the Uniform Traffic Code as adopted by the city. Moreover, the city published a notice of adopting the Uniform Traffic Code in the *Farmington Forum.* The notice provided that on March 1, 1977, the Uniform Traffic Code was "adopted by reference" by the city council in Chapter 70 (Part VII) of the City Ordinance Code, and noted the purpose of the Uniform Traffic Code. See MCL 257.952; MSA 9.2652.

Finally, the notice further provided that complete copies of the Uniform Traffic Code were available at the city clerk's office for inspection and for distribution to the public.

Defendant contends that there must be strict compliance with MCL 257.952; MSA 9.2652, but that such was lacking here inasmuch as that provision requires that any code adopted by reference be "clearly identified", relying upon *People v Poyma,* 91 Mich App 238; 283 NW2d 707 (1979). Defendant maintains that the reference in § 3 to the "Traffic Code" (rather than "Uniform Traffic Code") was fatal to the ordinance's proper publica-

tion. In *Poyma,* however, there was no publication at all. In the instant case, we believe that the Uniform Traffic Code was "clearly identified". Section 3 specifically references Part VII of the city code which, in turn, makes specific reference to the Uniform Traffic Code. This is a far cry from *Poyma* where the ordinance was not published, but, rather, only supplemental notice of the purpose of the code and the existence of copies thereof was given. Here, the nature of the ordinance, in conjunction with the reference to the appropriate sections of the city code, "clearly" apprised interested persons that the "Traffic Code" in § 3 of Ordinance No. C-80 meant the "Uniform Traffic Code".

Affirmed.